UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LASHUN SMITH, ET AL. | CIVIL ACTION NO. 05-1587 |
| versus | JUDGE STAGG |
| JANSSEN PHARMACEUTICA, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Plaintiff in this civil action is the mother of a minor child (born in 1993) who alleges that the child suffered damages after she took the drug Risperdal. Plaintiff filed suit in state court against Janssen Pharmaceutica, Inc. ("Janssen"), the manufacturer of the drug. Janssen removed the case based on an assertion of diversity jurisdiction, and Plaintiff filed a Motion to Remand (Doc. 5) on the grounds that the amount in controversy required for diversity jurisdiction is not present. For the reasons that follow, the Motion to Remand will be denied.

Plaintiff's petition alleges that the child took Risperdal in 2003, when the child was ten years old. The drug is alleged to have caused the child to sustain "painful and serious injuries and damages" that include "severe seizures" and "emotional distress and mental anguish." The petition further alleges that the Risperdal caused the child "agonizing pain, severe physical and mental shock, emotional distress, loss of wages and other damages." In addition to a claim under the Louisiana Products Liability Act, the petition sets forth a claim of redhibition that seeks return of the price of the drug, with interest, reimbursement of reasonable expenses occasioned by the sale and those incurred for preservation of the drug,

and also for damages and reasonable attorney fees, all as permitted by La. Civ. Code art. 2545 when the seller knows that the thing he sells has a defect.[1]

Louisiana law generally prohibits a personal injury plaintiff from praying in his petition for a specific monetary amount of damages. La. C. C. P. art. 893(A). A party may, however, make a general allegation that the claim exceeds or is less than the requisite amount for certain matters, including the right to a jury trial or "the lack of jurisdiction of federal courts due to insufficiency of damages." A trial by jury is not available in Louisiana courts unless a petitioner's cause of action exceeds $50,000, exclusive of interest and costs. La. C.C.P. art. 1732. Plaintiff's petition contains two specific requests for trial by jury (indicating that her claim is worth more than $50,000), but it also contains the following statement: "Plaintiff shows that the amount of damages being sought is less than Seventy-five Thousand and no/100 ($75,000) Dollars."

When a petition describes the amount of a claim by alleging that damages do not exceed $75,000 (or other requisite amount), the federal court considers that claim to control – – if it was apparently made in good faith. DeAguilar v. Boeing Company, 47 F.3d 1404, 1407-08 (5th Cir. 1995). Most states, like the federal courts, do not limit damage awards to the amount specified in the prayer of the state pleading. Such rules create "the potential for

---

[1] Louisiana jurisprudence indicates that the attorney fees available under Article 2545 in a products case are limited to those fees that relate to the recovery of purely economic loss (as opposed to personal injury). DeAtley v. Victoria's Secret Catalogue, L.L.C., 876 So.2d 112, 115 (La. App. 4th Cir. 2004).

abusive manipulation by plaintiffs" who plead for damages below the jurisdictional amount with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction and later actually recover more than $75,000. DeAguilar, 47 F.3d at 1410. "Such manipulation is surely characterized as bad faith." Id.

To avoid such abuses, the Fifth Circuit developed a framework to analyze removals when the plaintiff has prayed for less than the jurisdictional amount. The first step of the analysis permits a defendant to remove a case if it can show by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional amount. DeAguilar, 47 F.3d at 1411. That burden is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000 or (2) the defendant sets forth "summary judgment-type evidence" of facts in controversy that support a finding of the requisite amount. Manguno v. Prudential Property & Casualty Ins. Co., 276 F.3d 720, 724 (5th Cir. 2002).

Janssen has not offered any evidence with respect to the valuation of the claim, so Janssen must meet its burden based solely on the face of the petition. The court finds from the allegations reviewed above, especially the claims that the ten-year old child has suffered severe seizures and will incur substantial medical bills for the remainder of the child's life, that it is facially apparent that more than $75,000 is in controversy. Ordinarily, assertions of "serious injuries" or "severe pain" that are long on adjectives but short on facts are not sufficient to show that more than $75,000 is in controversy. See Simon v. Wal-Mart Stores,

Inc., 193 F.3d 848 (5th Cir. 1999). But this Plaintiff's assertion that the child suffers from severe seizures because of the product is an allegation of a specific health problem that is of such a nature that it, without the need for further elaboration, puts at stake a significant amount of potential damages. The other allegations in the petition, including the potential of attorney fees on the redhibition claim, lend further support to the conclusion that the removing party has met its burden with respect to the DeAguilar test. The conclusion is also consistent with Judge Melançon's recent ruling in a substantially similar case filed by the same attorney who represents Plaintiff. See Braxton v. Janssen Pharmaceutica, Inc., 05CV1465, Doc. 15.

The next step in the analysis must now be conducted. Once a removing defendant shows that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided the plaintiff has not shown that it is "legally certain" that his recovery will not exceed the amount stated in the state petition. DeAguilar, 47 F.3d at 1412; Manguno, 276 F.3d at 724. That obligation might be met by pointing to a state law that prohibits recovery of damages that exceed those requested in the petition or that prohibits an amendment to the petition to change the amount requested after the one-year limit allowed for removal of diversity cases has passed. Plaintiff has not pointed to any such Louisiana law. It appears that Louisiana law permits a successful plaintiff to obtain the relief to which she is entitled, even if she has not demanded such relief in her pleading. La. C. C. P. art. 862; Manguno, 276 F.3d at 724. Plaintiff also could have prevented removal by filing a binding stipulation

or affidavit with her petition, DeAguilar, 47 F.3d at 1412, but there is no evidence of such in this case.[2] For all of these reasons, the **Motion to Remand (Doc. 5) is DENIED**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 7th day of November, 2005.

						_____
						MARK L. HORNSBY
						UNITED STATES MAGISTRATE JUDGE

---

[2] For such a "stipulation" filed with the state court petition to be adequately binding to meet the legal certainty standard, it may need to be signed by the plaintiff and the defendant. See Price v. Smart Professional Photocopy Corp., 2003 WL 203083 (E.D. La. 2003) (suggesting that a "stipulation between the parties" is required). A mere unilateral "stipulation" might not be sufficient to satisfy the legal certainty standard unless Plaintiff could point to law that made the concession irrevocable.