
RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12/1/05
BY DM

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

LASHUN SMITH, ET AL.

versus

JANSSEN PHARMACEUTICA, INC.

CIVIL ACTION NO. 05-1587
JUDGE TOM STAGG

## M E M O R A N D U M RULING

Before the court is an appeal, filed by plaintiff Lashun Smith ("Smith"), from Magistrate Judge Mark Hornsby's Memorandum Ruling, wherein he denied the plaintiff's motion to remand this action to state court. Based on the following, Magistrate Judge Hornsby's order is **AFFIRMED**.

## I. BACKGROUND

Plaintiff Lashun Smith filed suit in state court alleging that her child suffered severe damages after using the drug Risperdal, which is manufactured by defendant Janssen Pharmaceutica, Inc. ("Janssen"). Janssen removed the case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Record Document 4. Plaintiff thereafter filed a motion to remand, arguing that the amount in controversy required for diversity actions was not present in this case. See Record Document 5. On November 7, 2005, Magistrate Judge Hornsby denied the plaintiff's motion. See Record Document 16. The plaintiff objected to this ruling and subsequently filed an

1

appeal with this court on November 16, 2005. See Record Document 17.

## II. ANALYSIS

A.  **Standard Of Review.**

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1 M & W. The decision by Magistrate Judge Hornsby to deny the plaintiff's motion to remand is a non-dispositive matter. See Lonkowski v. R.J. Reynolds Tobacco Co., No. 96-1196, 1996 WL 888182, at *4 (W.D. La. Dec. 10, 1996). As explained in Lonkowski, "a remand order does not destroy jurisdiction, but merely examines whether the case, as constructed by the parties, falls within the jurisdiction of the federal courts." Id. Moreover, this action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. See Maisonville v. F2 Am., Inc., 902 F.2d 746, 747-748 (9th Cir. 1990). Non-dispositive motions decided by a magistrate judge are reviewed under a clearly erroneous or contrary to law standard. See Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Prod., Inc., 844 F.Supp. 1156, 1163 (S.D.Tx. 1994).

B.  **Discussion.**

Pursuant to 28 U.S.C. § 1441, a party may remove a civil action from state court to federal court if the federal court has subject matter jurisdiction. To determine whether jurisdiction is present for removal purposes, this court considers the claims

stated in the plaintiff's state court petition, as they existed prior to removal. The present appeals stems from a dispute concerning the amount in controversy.[1] The plaintiff argues that the amount in controversy is less than $75,000, whereas the defendant maintains that the potential damages satisfy the jurisdictional requirement. Janssen bears the burden of demonstrating that the amount in controversy exceeds $75,000. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).

Magistrate Judge Hornsby correctly identified the relevant legal standard for denying a motion to remand. In De Aguilar, the Fifth Circuit Court of Appeals addressed the situation in which a plaintiff, in an effort to avoid federal jurisdiction, specifically pleads an amount of damages less than the federal jurisdictional amount. As a general proposition, a federal court may only decline diversity jurisdiction if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." De Aguilar, 47 F.3d at 1409 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938)). Generally, the amount of damages alleged by the plaintiff will control, so long as it was made in good faith. See id. However, where the plaintiff avers that the amount in controversy is less than the requisite jurisdictional amount, the plaintiff's allegations will not control if they have been made in bad faith for the purpose of defeating federal jurisdiction.[2] See id. at

---

[1] Both parties concede that complete diversity exists between the parties.

[2] Because many states do not limit the damage award to the amount specified in the state court pleadings, there is great "potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court

3

1409-10.

In such a situation, the Fifth Circuit requires a defendant to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Thus, the defendant must show either that (1) "it is apparent from the face of the petition that the claims are likely to exceed $75,000" or (2) he can "set[] forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." Id. (internal citations omitted). If a defendant can satisfy this standard, then removal is proper unless the plaintiff can demonstrate to a legal certainty that she will be unable to recover any more than the amount claimed in her state court petition. See De Aguilar, 47 F.3d at 1411.

In the instant case, the plaintiff set forth a claim under the Louisiana Products Liability Act for "painful and serious injuries and damages," including severe seizures, "agonizing" pain, loss of wages, emotional distress and mental anguish. Record Document 1. In addition to her products liability claim, the plaintiff is also pursuing a redhibition claim and is seeking return of the purchase price of the drug with interest, reimbursement of costs associated with the sale of the drug, and expenses incurred for preservation of the drug. She further desires recovery for damages and attorney fees under Louisiana Civil Code Article 2545, which permits recovery when a seller knows

---

with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of pleading. Such manipulation is surely characterized as bad faith." De Aguilar, 47 F.3d at 1410.

4

that the product he sells is defective.[3]

Louisiana law precludes plaintiffs from praying for a specific amount of damages in their complaints. See La. Code Civ. P. art. 893(A)(1). However, state law does allow a plaintiff to make a general allegation that the claim is more or less than the requisite amount necessary for the jurisdiction of a particular state court, for federal jurisdiction, or for a jury trial. See id. In compliance with these rules, Smith did not set forth a specific damage award, but she did indicate that her damages were more than $50,000 and less than $75,000. Indeed, in her appeal of the Magistrate's ruling, Smith argues that she "has consistently stated that [she] will not accept any amount or award over $75,000." In spite of such assurances, it is apparent from the face of the complaint that more than $75,000 is in controversy. The "severe" health problems alleged by the plaintiff, the redhibition claim, and the potential for an award of attorney's fees, puts into controversy a substantial amount of monetary damages.

It is interesting to note on the amount in controversy, that, in addition to severe seizures and emotional distress, this ten year old child has suffered "loss of earning capacity" and "has incurred and will incur substantial medical bills for the remainder of his or her life." Record Document 1 at 3. These two factors alone, with any

---

[3] Attorney fees under this statute are considered mandatory rather than discretionary. As such, they are included in calculating the amount in controversy. See Manguno, 276 F.3d at 723.

5

reasonable estimate of the life expectancy of a ten year old child[4] counters strongly against remand.

Therefore, this court finds the Magistrate correctly determined that Janssen satisfied its burden under De Aguilar. The burden then shifts to Smith to demonstrate to a legal certainty that her claims are, in fact, less than $75,000. "This may be accomplished, for example, by submitting, along with the complaint, a stipulation between the parties as to the amount in controversy." Price v. Smart Prof'l Photocopy Corp., No. 02-3507, 2003 WL 203083, at *2 (E.D.La. Jan. 29, 2003); see St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250 (5th Cir. 1998). Such a stipulation, if filed prior to this court's decision on the jurisdiction issue, is permissible. See Cross v. Bell Helmets, USA, 927 F.Supp. 209, 214 (E.D.Tx. 1996). Smith, however, has failed to prove that her claims are less than $75,000. She has informed this court only that she seeks less than $75,000[5] and that she will not accept an award of more than $75,000. She further provides that she "will stipulate as such if needed to rectify this controversy." Record Document 17. However, the mere offer to file a unilateral stipulation in no way demonstrates that Smith would be legally bound to

---

[4] The repeated use of "he or she" and "his or her" indicates to the court that counsel has done little or no examination into the actual facts affecting Cydreaka Smith. Is this a male or female child? Has counsel medical records in hand or personal observations of seizures? Rule 11 of the Federal Rules of Civil Procedure, as interpreted in this court, would seem to require more of counsel before he affixed his signature to the complaint.

[5] Smith also overlooks the fact that Louisiana courts may grant to a successful party relief that was not demanded in the pleadings. See La. Civ. Code art. 862.

accept less than $75,000. Thus, such an offer fails to satisfy the legally certain requirement. Accordingly;

**IT IS ORDERED** that Magistrate Judge Hornsby's ruling denying the motion to remand is **AFFIRMED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 30th day of November, 2005.

JUDGE TOM STAGG